# In the United States Court of Federal Claims

No. 13-607C

(Filed: January 24, 2014)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BARBARA J. HOUSER, et al.,

        *Plaintiffs,*

v.

THE UNITED STATES,

        *Defendant.*

RCFC 23(a); class action; class certification; numerosity; superiority of class action.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Deepak Gupta*, Washington, DC, with whom was *Brian Wolfman* and *Jonathan E. Taylor* for plaintiffs.

*L. Misha Preheim*, United States Department of Justice, Civil Division, Commercial Litigation Branch, with whom was *Stuart F. Delery*, Acting Assistant Attorney General, and *Jeanne E. Davidson*, Director, for defendant.

ORDER ON CLASS CERTIFICATION

This is an action for back pay brought by a group of current and retired bankruptcy judges and the spouse of a deceased bankruptcy judge on behalf of themselves and other similarly-situated persons. Plaintiffs contend that they have not received the full statutory compensation to which they are entitled under 28 U.S.C. §§ 153(a) and 377 (2006). The salary of full-time bankruptcy judges is set by section 153(a) at 92 percent of the salary of district court judges. Plaintiffs claim that the salary of district court judges was improperly reduced due to Congress' failure to pay district judges cost of living allowances ("COLAs") in 1995, 1996, 1997, 1999, 2007 and 2010. This, in turn, improperly reduced the salaries of bankruptcy judges.

Relying on the Federal Circuit's decision in *Beer v. United States*, 696 F.3d 1174 (Fed. Cir. 2012), *cert. denied,* 133 S. Ct. 1997 (2013), and on the decision of this court in *Cornish v. United States*, 112 Fed. Cl. 801 (2013), we

previously granted plaintiffs' motion for summary judgment with respect to liability. *See Houser v. United States*, No. 13-607 (Fed. Cl. Sept. 30, 2013) (order granting plaintiffs' motion for summary judgment). Contemporaneously herewith, we are denying the government's motion to dismiss, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), those plaintiffs who did not serve as judges at any point during the six year period preceding the filing of the complaint.

Pending is plaintiffs' motion for class certification pursuant to RCFC 23. The proposed class consists of the named plaintiffs and:

> all persons (1) who are currently serving as United States bankruptcy judges (excluding the plaintiff in *Cornish v. United States* (U.S. Court of Federal Claims, Case No. 12-CV-861)), or (2) who served as bankruptcy judges at any point from 1995 until the present and have received compensation (including a salary or annuity) from the federal government for that service at any point during the six years prior to the filing of this lawsuit, or (3) who are the surviving spouses or dependent children of deceased bankruptcy judges who served at any point from 1995 until the present and were enrolled in [the Judicial Survivors' Annuities System], and who have received an annuity under JSAS at any point during the six years prior to the filing of this lawsuit, or (4) who are the beneficiaries of deceased bankruptcy judges who served at any point during the six years prior to the filing of this lawsuit and were enrolled in the [Federal Employees' Group Life Insurance] program, or (5) who are the executors of estates of the persons described above.

Am. Compl. ¶ 45. Plaintiffs allege that the class consists of approximately 500 people.

Rule 23 sets out certain prerequisites to use of the class action:

(a) Prerequisites: One or more members of a class may sue as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the

>   class;
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>   (4) the representative parties will fairly and adequately protect the interests of the class.

RCFC 23(a). In addition to satisfying all four of the elements above, plaintiffs must show that "the United States has acted or refused to act on grounds generally applicable to the class," and the court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* §§ (b)(2)-(3).

In short, seven elements must be satisfied. Five are not contested here: questions of law are common to the class; those questions of law predominate over any questions affecting only individuals; the claims of the representative parties are typical of the class and the government's defenses are common to the entire class;[1] the United States has acted on grounds generally applicable to the entire class; and the representative parties will fairly and adequately protect the interests of the class.

This leaves only two elements which the government suggests are missing: the class is not so numerous that joinder of all members is impracticable; and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy. In addressing certification, the rule offers the following matters for the court to consider: the class members' interests in individually controlling the prosecution of separate actions; the extent and nature of any litigation concerning the controversy already begun by class members; and the likely difficulties in managing a class action. *Id.* §§ (b)(3)(A)-(D). We note at the outset that these factors do not militate against certification in this case; quite the contrary. We are aware of only one bankruptcy judge who has initiated parallel litigation, and that litigation has been resolved, at least at the trial level. *See Cornish v. United*

---

[1] Defendant previously contested commonality and typicality. Those considerations are moot now that we have denied defendant's motion to dismiss judges who retired more than six years prior to commencement of the action.

*States*, 112 Fed. Cl. 801 (2013). No reason has been offered by the government as to why any putative class members would prefer to proceed separately. Finally, whatever administrative complexities that might arise in dealing with a class would, as we discuss below, be no greater, and probably less than, the difficulties of proceeding with hundreds of separate joinders.

The government initially questions whether 500 is a sufficient number of potential class members, particularly because they will easily be identified and contacted. As plaintiff points out, however, this merely means that assembling a class and communicating with its members will be relatively easy, but it is no rationale for not using the class device. While difficulties in identification and communication might militate in favor of class certification for "opt-out" classes, particularly when injunctive or declaratory relief is contemplated, the opposite inference (no certification if there are no such difficulties) is not true for an "opt-in" class (the only type used in this court). The greater the ease of soliciting opt-ins, communicating with the class, and doing damage calculations, the easier it will be to manage the class. The fact that the same transparency might make it easy to identify potential plaintiffs for Rule 19 or 20 joinder does not mean that the class device is not logical on numerosity grounds.

Five hundred people is well within the range in which classes have been certified in this court. *See, e.g.*, *Haggart v. United States*, 104 Fed. Cl. 484, 488-89 (2012) (finding subclasses of 18, 116, 78, 156, 163, and 25 to meet the numerosity requirement of Rule 23); *Geneva Rock Prods., Inc. v. United States,* 100 Fed. Cl. 778, 788 (2011) (class of 23 members satisfied the numerosity requirement because the cost of litigating the claims individually would have been prohibitive); *Douglas R. Bigelow Trust v. United States*, 97 Fed. Cl. 674, 676-77 (2011) (rails-to-trails class of approximately 25 members sufficient); *Singleton v. United States*, 92 Fed. Cl. 78, 83-84 (2010) (135 owners along a trail were sufficient to satisfy numerosity requirement); *Jenkins v. United States*, 104 Fed. Cl. 641, 643 (2009) (a class of more than 200 sufficient for purposes of numerosity); *King v. United States*, 84 Fed. Cl. 120, 124 (2008) (potential class of 152 was sufficient because of the small size of the individual claims and the geographically diverse locations of the putative class members).

The second argument against certification offered by the government is that it is not superior to other available methods for fairly and efficiently adjudicating the controversy. The government suggests that, assuming liability

is confirmed, the parties should be able to agree on an informal administrative process for resolving all potential claims. We welcome and indeed heartily endorse that suggestion; it is being utilized in related litigation. Nevertheless, proceeding in that manner would require, at this stage, the cooperation of both parties. And the process would be consummated outside the litigation. While the court normally would welcome a voluntary, extra-judicial settlement process, plaintiffs have the right to insist on a ruling on their motion for class certification.

In this respect we note, as plaintiffs have observed, that the government is inconsistent in its argument. It asks the court to require joinder, presumably pursuant to Rule 19(a), of additional plaintiffs who wish to participate in the case. *See* Def.'s Opp'n to Mot. to Certify Class 6. This suggestion makes sense as an argument to the court against class certification; joinder under Rules 19 or 20 would indeed be a pedigreed alternative. Official joinder, however, through notice and then separate amendments to the complaint, along with the implications that it would have on counsel's ability to act for all plaintiffs, are inconsistent with and would nullify the alleged advantages of what the government really proposes here, namely, an informal, extra-judicial mechanism for paying claims. In short, rule joinder, the only alternative the court can consider, would be at least as cumbersome, and probably more so, than use of an opt-in class. While the advantages of an informal payment mechanism are appealing to the court, we cannot force plaintiffs to accept a settlement or even a method of reaching settlement. We can only hope that, if liability is resolved in favor of plaintiffs, the parties will agree on an administrative payment mechanism along the lines the government suggests.

Accordingly, we conclude that plaintiffs have demonstrated that class certification of an opt-in class is appropriate. The class is sufficiently numerous; there are questions of law or fact common to the class; those questions predominate over questions unique to individual plaintiffs; the plaintiffs' claims are typical of the claims of the class; the representative parties will fairly and adequately protect the interests of the class; the United States has acted or refused to act on grounds generally applicable to the class; and a class action is superior to individual joinder as a means for fairly and efficiently adjudicating the controversy.

The class consists of all persons (1) who are currently serving as United States bankruptcy judges (excluding the plaintiff in *Cornish v. United States* (U.S. Court of Federal Claims, Case No. 12-CV-861)), or (2) who served as

5

bankruptcy judges at any point from 1995 until the present and have received compensation (including a salary or annuity) from the federal government for that service at any point during the six years prior to the filing of this lawsuit, or (3) who are the surviving spouses or dependent children of deceased bankruptcy judges who served at any point from 1995 until the present and were enrolled in the Judicial Survivors' Annuities System, and who have received an annuity under JSAS at any point during the six years prior to the filing of this lawsuit, or (4) who are the beneficiaries of deceased bankruptcy judges who served at any point during the six years prior to the filing of this lawsuit and were enrolled in the Federal Employees' Group Life Insurance program, or (5) who are the executors of estates of the persons described above.

The parties are directed to consult and propose, jointly if possible, how to notify potential class members of the opportunity to join the class, and any other steps necessary to perfect the class. The parties shall file a joint status report on or before February 14, 2014.

s/ Eric G. Bruggink  
ERIC G. BRUGGINK  
Judge